Filed 3/8/23  In re Richard G. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re RICHARD G., JR., et al., Persons Coming Under the Juvenile Court Law. _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. R.G., Defendant and Appellant. | B318760 Los Angeles County Nos. 21CCJP04979A-C |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel Zeke Zeidler, Judge.  Affirmed.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Interim County Counsel, Kim Nemoy, Assistant County Counsel, and Veronica Randazzo, Deputy County Counsel, for Plaintiff and Respondent.

_____

The juvenile court sustained domestic violence and substance abuse allegations against a father, allegations he does not challenge on appeal.

The court also sustained amended allegations the father does challenge, allegations he "physically abused and/or inappropriately physically disciplined" his son and "inappropriately physically disciplined" his elder daughter. The court assumed dependency jurisdiction under section 300, subdivision (a), which applies where a parent inflicts serious physical harm nonaccidentally on a child or there is a substantial risk of this harm. The court also assumed jurisdiction under subdivisions (b) and (j) based on these allegations. All statutory references are to the Welfare and Institutions Code.

The father asks us to strike or reverse these jurisdictional findings and argues his appeal is justiciable. We assume justiciability and reach the merits. (See *In re D.P.* (2023) 14 Cal. 5th 266, 286 [it may serve the interest of justice to review a parent's appeal "where a parent does not challenge all jurisdictional findings, but only one finding involving particularly severe conduct"].)

The parties agree we review for substantial evidence. (See *In re I.J.* (2013) 56 Cal.4th 766, 773 (*I.J.*).)

The father says substantial evidence is missing because he simply spanked his children, which is reasonable and legal parental discipline that does not give rise to dependency jurisdiction. (See § 300, subd. (j) [reasonable methods of parental

2

discipline not prohibited] & subd. (a) [serious physical harm "does not include reasonable and age-appropriate spanking to the buttocks if there is no evidence of serious physical injury"].)

This argument is incorrect.

We take stock of "the manner in which a less serious injury was inflicted, a history of repeated inflictions of injuries" and "other actions by the parent . . . that indicate the child is at risk of serious physical harm." (§ 300, subd. (a).)

There is evidence the father spanked both his son and his elder daughter with enough force to leave marks on their bottoms and to make them cry. This happened "on multiple occasions." The children were young: just six and five at the time the petition was filed.

The son admitted his parents "sometimes" hit his sisters.

There is evidence the father "smacked" his son in the face on several occasions and left the boy's face bruised once.

In seeking a domestic violence restraining order, the mother wrote: "[I'm] scared for [ ] mine and my children life. [H]e is very Dangerous. [I'm] not sure if he is on Drugs, but I want to get away for the better of me and my children. [H]e hits me and my kids he talks to us very Disrespectfully. I just [don't] feel safe. My kids [don't] feel safe." One time, the mother wrote, she returned home to find her son "all bruised and beat on"; the father admitted to "spank[ing] him so bad that his face was bruised."

There also is evidence the parents were violent with each other in front of the children. (See *In re Nathan E.* (2021) 61 Cal.App.5th 114, 121–122 [domestic violence between parents can be the basis for jurisdiction under section 300, subd. (a)].) The children would grow scared, cry, and try to hide during these

3

episodes.  The mother said the father yelled at her, cursed her, beat her, and once dragged her up and down the floor.  The Department noted "a nine-year history of unresolved domestic violence" between these parents.  "The mother stated that the children have seen the father [ ] slap and punch her in the face, throw her to [the] ground, push her and she would fight back to defend herself."  The father admitted a domestic violence conviction and a "history of physically fighting" in the children's presence.  He confirmed "he and the mother have punched, slapped and physically assaulted each other during arguments."  Sometimes the parents would throw objects, like beer bottles and furniture, at each other.

The father's substance use appeared to exacerbate the situation.  The mother caught the father using cocaine and learned he also was using methamphetamine.  She noticed his behavior grow more aggressive and violent during this time.  She could tell he was using meth from "[t]he look on his eyes.  He looks evil.  He is not himself."

At various points, family members including the father denied certain violence.  For example, the father denied leaving marks on his children after spanking them and denied hitting any of them in the face—although he did admit he "may have tugged on their eye to get their attention."  We disregard denials like this in a substantial evidence review.  (*I.J.*, *supra*, 56 Cal.4th at p. 773 [contradicted evidence suffices if it is substantial]; *id.* [appellate court draws all reasonable inferences from the evidence to support the findings and does not reweigh the evidence or exercise independent judgment].)

Substantial evidence supports the challenged jurisdictional findings as to the father.  A reasonable fact finder could conclude

4

the father's violence would escalate and placed his children at substantial risk of serious physical harm.  (§ 300, subds. (a) & (j).)

The father cites cases involving either egregious incidents or an isolated incident of physical abuse by a parent.  Those cases do not invalidate the challenged findings.

The father also states he is challenging certain jurisdictional findings as to the mother.  The father has forfeited this challenge by failing to develop an argument.  (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

## DISPOSITION

We affirm the juvenile court's February 23, 2022 order.


WILEY, J.


We concur:



STRATTON, P. J.



GRIMES, J.

5